IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **POWER AUTHORITY OF THE STATE OF NEW YORK,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | No. 00-703C<br>(Chief Judge Damich) |

**<u>PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT</u>**

Pursuant to RCFC 5.2(b)(2), Plaintiff Power Authority of the State of New York ("NYPA"), through its undersigned counsel, respectfully requests leave of the Court to exceed the 30-page limitation in RCFC 5.2(b)(2) for filing its Reply In Support Of Its Cross-Motion For Partial Summary Judgment On The Acceptance Rate And Response To Defendant's Supplemental Brief, which brief electronically accompanies this motion as an attachment at Exhibit A. NYPA requests that the page limit be enlarged from 30 to 50 pages. Counsel for the Government has represented that the Government will not oppose this motion.

NYPA requests leave to exceed the page limit to allow NYPA to respond fully to (1) the Government's combined opposition and reply brief on the acceptance rate issue and (2) the Government's more recent supplemental brief on the acceptance rate issue. The Government's combined opposition and reply brief, filed on April 11, 2003, was 81 pages in length, exceeding the requirements of RCFC 5.2(b)(2) by 51 pages. (Its supplemental brief, filed on May 10, 2004, was an additional eight pages.) Furthermore, the Government's combined opposition and reply

brief includes responses to various arguments that were never made by NYPA[1] in this case and recharacterizations of the Government's previous arguments (not to mention the introduction of new evidence from a 760-page supplemental appendix).[2] Thus, to respond fully to the Government's lengthy brief and new arguments (as well as the supplemental brief), NYPA needs to exceed the 30-page limit by 20 pages.

---

[1] The Government's reply brief responds to various arguments made by other plaintiff utilities in addition to responding to NYPA's arguments. NYPA has done its best to assess these other utilities' arguments (and whether and how to defend them) without the benefit of having copies of all the materials submitted by every utility.

[2] NYPA objects to the use of some of these documents as irrelevant to this case and maybe prejudicial. For example, in its supplemental appendix, the Government has attached deposition testimony taken by the Government of Messrs. Rudolph Grube and Robert Jordan in damages proceedings in <u>Yankee Atomic Elec. Co. v. United States</u>, No. 98-126C (Merow, S.J.), <u>Maine Yankee Atomic Power Co. v. United States</u>, No. 98-474C (Merow S.J.), and <u>Connecticut Yankee Atomic Power Co. v. United States</u>, No. 98-154C (Merow, S.J.) ("the <u>Yankee</u> cases"). <u>See</u> Government's Supplemental Appendix at 541-49 (Apr. 11, 2003). It is unclear to NYPA exactly who Messrs. Grube and Jordan are, why the Government called them as witnesses, and why their testimony is relevant to the cross-motions for summary judgment on the acceptance rate in this case. The Government's reliance on these depositions contradicts the Government's decision *not* to take depositions in the coordinated discovery proceedings. While NYPA used selected deposition transcript excerpts of the Government's witnesses deposed in the <u>Yankee</u> cases' damages proceedings, the Government was given notice of all such depositions, had the opportunity to protect the Government's interests by attending these depositions and, presumably, retains the right to object to the relevance of such depositions to the <u>Yankee</u> cases. No such rights were accorded NYPA with respect to the Grube and Jordan depositions.

For the foregoing reasons, NYPA respectfully requests that the Court grant NYPA's motion to exceed the page limitation by 20 pages.

Dated: May 20, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Power Authority of the State of New York

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)