**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **POWER AUTHORITY OF THE STATE OF NEW YORK,** Plaintiff, | |
| v. | No. 00-703C (Chief Judge Damich) |
| **THE UNITED STATES,** Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FILINGS CONCERNING THE RATE OF ACCEPTANCE OF SPENT NUCLEAR FUEL**

Pursuant to the Court's April 29, 2004 Order, Plaintiff Power Authority of the State of New York ("NYPA"), by the undersigned counsel, respectfully submits its opposition to Defendant's (the "Government") April 11, 2003 motion to strike portions of NYPA's filings concerning the rate of acceptance of spent nuclear fuel ("SNF"). The Government's motion mistakenly asserts that the settlement agreement between PECO Energy Company ("PECO") and the Government (which was also an amendment to the Standard Contract between PECO and the Government) is being used by NYPA to prove liability or damages. Rather, the PECO-Government agreement is being offered for two other purposes: 1) as evidence of the Government's intent to use the 3,000 metric tons of uranium ("MTU") steady-state rate, as stated in virtually all programmatic documents; and 2) to rebut the Government's assertions in its summary judgment briefs on the proper rate of SNF acceptance. NYPA's use of the PECO-Government agreement for these two purposes is permissible under the Federal Rules of Evidence. The Government's motion to strike is therefore meritless and should be denied.

**ARGUMENT**

The Government relies on Fed. R. Evid. 408 ("Rule 408") as the basis for striking portions of NYPA's various filings. Under Rule 408, however, "settlement offers are only inadmissible when offered to prove liability or damages." Coakley & Williams Constr., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 353 (4th Cir. 1992); see also Abundis v. United States, 15 Cl. Ct. 619, 621 (1988) (indicating that evidence is admissible "when the evidence of settlement is not offered to prove liability or damages, but for some other purpose"). In this regard, noticeably absent from the Government's brief is the last sentence of Rule 408, which states, "This rule . . . *does not require exclusion* when the evidence is offered *for another purpose*, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408 (emphasis added). Generally, if evidence is offered to prove intent, or for rebuttal, such evidence is admissible "for another purpose" under Rule 408. See Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 203 F.3d 477, 484 (7th Cir. 2000). As detailed below, NYPA can establish these two permissible purposes for its use of the PECO-Government agreement, thus negating the exclusionary effect of Rule 408.

In its filings, NYPA is not offering the PECO-Government agreement to prove either liability or damages, but rather to show the Government's intent – as expressed repeatedly in other DOE documents – to use a 3,000 MTU rate in operating a SNF storage facility and to rebut the contrary arguments in the Government's brief. Along with 43 other documents (including the Analyses of the Total System Life Cycle Costs for the Civilian Radioactive Waste Management Program and the Nuclear Waste Fund Fee Adequacy reports), NYPA has offered the PECO-Government agreement as evidence of the Government's routine practice of citing a

3,000 MTU steady-state rate in its SNF program documents.[1] See, e.g., Fed. R. Evid. 406 ("Evidence of the habit of a person or of the routine practice of an organization . . . is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."); In re Hall, 781 F.2d 897, 899 (Fed. Cir. 1986) ("The probative value of routine business practice to show the performance of a specific act has long been recognized."). As noted above, Rule 408 plainly states that settlements offers are "only inadmissible when offered to prove liability or damages." Since NYPA has cited the PECO-Government agreement as evidence of DOE policy, rather than proof of liability or damages, the Government's use of Rule 408 is simply inapposite here.

Notwithstanding the Government's faulty application of Rule 408, it is actually well-established that demonstrating intent from settlement-related documents is permissible under Rule 408. See United States v. Hauert, 40 F.3d 197, 200 (7th Cir. 1994) (admitting evidence from compromise negotiations, where the evidence shows "knowledge and intent" of an "obligation to report and pay taxes"); Bituminous Constr., Inc. v. Rucker Enter., Inc., 816 F.2d 965, 969 (4th Cir. 1987) (admitting into evidence settlement documents to show opposing party's "understanding of obligations under the joint check agreement"); 2 Joseph M. McLaughlin, Weinstein's Federal Evidence § 408.08[4] (2d ed. 2003) (indicating evidence is admissible "to show the understanding of one of the parties to a contractual agreement of its obligations under

[1] In fact, as stated in the PECO-Government agreement, the 3,000 MTU rate is taken from the Viability Assessment of a Repository at Yucca Mountain, which assessment the Department of Energy was required to submit to Congress. See NYPA's Proposed Findings Of Uncontroverted Fact In Support Of Its Cross-Motion For Partial Summary Judgment On The Acceptance Rate ¶ 178; Appendix To NYPA's Opposition To Defendant's Motion For Partial Summary Judgment Regarding The Rate Of Spent Nuclear Fuel Acceptance And Cross-Motion For Partial Summary Judgment On The Acceptance Rate at 690, 693 (Feb. 20, 2003).

the contract" to prevent abuse of Rule 408). Thus, the PECO-Government agreement is admissible as part of NYPA's cross-motion for summary judgment to show the Government's routine practice of publishing documents evidencing its intent concerning a 3,000 MTU acceptance rate.

NYPA is also using the PECO-Government agreement to rebut the Government's argument that the rates used in the Delivery Commitment Schedules ("DCSs") were binding and otherwise appropriate. The agreement is admissible for this purpose under Rule 408. See Freidus v. First Nat'l Bank of Council Bluffs, 928 F.2d 793, 795 (8th Cir. 1991) (admitting into evidence two letters exchanged as part of settlement negotiations that "served to rebut" testimony that was contrary to statements in the letters). PECO, like NYPA, had approved DCSs from the Department of Energy.[2] Despite this fact, the language contained in the PECO-Government agreement regarding DOE's intent to operate a repository with a 3,000 MTU acceptance rate runs contrary to the notion that PECO's (and by extension, NYPA's) approved DCSs reflected binding commitments appropriate for use in deriving an aggregate acceptance rate. Thus, for this second independent reason, the PECO-Government agreement is admissible as part of NYPA's cross-motion for summary judgment on the acceptance rate.

In sum, the Government's accusation that NYPA is using the PECO-Government agreement to establish damages is unavailing since NYPA has established two independent bases – each falling squarely within the scope of "another purpose" as outlined in Rule 408 – for

[2] See Defendant's Supplemental Appendix To Defendant's Reply To Plaintiff's Opposition To Defendant's Motion For Partial Summary Judgment Regarding The Rate Of Spent Nuclear Fuel Acceptance And Opposition To Plaintiff's Cross-Motion For Partial Summary Judgment On The Acceptance Rate at 150-53. PECO had, for example, approved DCSs for years 2000 and 2001.

NYPA's inclusion of the agreement into the record. Therefore, NYPA's use of the PECO-Government agreement in its filings is permissible under the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, NYPA respectfully requests that the Court deny the Government's motion to strike.

Dated: May 20, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu_

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Power Authority of the State of New York

OF COUNSEL
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)