# In the United States Court of Federal Claims

No. 00-703 C
(Filed: September 30 , 2004)

************************************
**POWER AUTHORITY OF THE STATE OF NEW YORK,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
************************************

**ORDER**

Pending are: 1) Defendant's Motion for Partial Summary Judgment Regarding the Rate of Spent Nuclear Fuel Acceptance and Plaintiff's Cross-Motion for Partial Summary Judgment on the Acceptance Rate; and 2) Plaintiff's Motion for Summary Judgment on Liability and Defendant's Cross-Motion for Summary Judgment on Liability.

Despite the suggestion in *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1242 (Fed. Cir. 2000) that the government has breached every Standard Contract ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry."), Defendant argues, plausibly at least, that Plaintiff cannot sustain its motion for liability because it has not suffered any injury in fact. The question whether Plaintiff suffered actual injury – a requirement for standing – depends on whether, under the Standard Contract, the Department of Energy had, and failed to meet, any obligation to accept Plaintiff's spent nuclear fuel prior to the date of the sale of its facilities.

In turn, the question of such obligation implicates the issue of the acceptance rate allegedly contemplated by the Standard Contract and the Nuclear Waste Policy Act. The acceptance rate, and the "ramp-up" period necessary to reach a steady-state acceptance rate, is a fact-laden inquiry that the Court finds does not lend itself to resolution on summary judgment.

For the reasons stated above, the Court hereby **DENIES** both motions and the cross-motions thereto.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge