**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 3, 2008)

| | |
|---|---|
| **POWER AUTHORITY OF THE STATE OF NEW YORK,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 00-703C (Chief Judge Damich) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 8, 2008, July 8, 2008, and August 6, 2008 Orders, counsel for the parties have conferred regarding how this case should proceed. Because the parties' positions regarding further proceedings cannot be reconciled, Plaintiff and Defendant (the "Government") each present their positions separately below.

PLAINTIFF'S POSITION

As stated in their motion filed contemporaneously with this joint status report, Plaintiff respectfully requests that the Court lift the stay in this case. In recent years, Plaintiff had sought a continuing stay of the instant action because of other pending SNF damages cases in this Court and at the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"). Although several of these SNF cases remain pending, Plaintiff now seeks to schedule a trial in this case for some time in calendar year 2010, so that its case remains in a similar posture as Entergy Nuclear Fitzpatrick, LLC v. United States, No. 03-2627C ("Entergy Fitzpatrick"), a case that is also before the Court and involves the same plants as the instant action. As the Court may be aware, the plaintiffs in Entergy Fitzpatrick have moved to have the stay in their case lifted as

well. The lifting of the stay in this case is also necessary given the likelihood of recoverability of the costs of financing the actions taken to date to mitigate the effects of the Government's breach.[1] A continuation of the stay in this case works in favor of the Government's interests and against Plaintiff's interests.

Accordingly, Plaintiff proposes that the stay in this case be lifted and that the Court require the parties to exchange RCFC 26 disclosures on or before December 31, 2008. Additionally, Plaintiff is prepared to serve the Government with its expert reports/damages claims (and supporting records) on or before February 27, 2009. As for all other pre-trial and trial dates, Plaintiff respectfully requests that the parties be permitted to confer and reach agreement on such matters if the stay in this case is lifted.

Finally, Plaintiff strongly opposes the Government's motion for coordinated discovery and a litigation plan, which the Government mentions below as a prerequisite to further proceedings in this and every other pending SNF case. While Plaintiff intends to file a response to the Government's motion, there is no need to await a decision on the Government's motion before pressing forward in the instant case. Indeed, the Government indicates below that it is not opposed to lifting the stay. Given the recent decisions by the Federal Circuit that settled the issues covered by the first coordinated discovery, there are no remaining issues that would warrant coordinated discovery or justify the costs of coordinated discovery. The Government has identified no such issues in its motion. The remaining issues to be adjudicated relate specifically to each plaintiff. Moreover, the Government's proposed litigation plan is certain to lead to more costs (particularly to the utilities) and less efficiency given that some utilities have

[1] See, e.g., System Fuels, Inc. v. United States, 78 Fed. Cl. 769 (2007), where additional proceedings were conducted after the initial trial decision to determine damages relating to that plaintiff utility's cost of capital or its cost of borrowed funds.

no intention of requesting that the Court immediately lift the stay in their cases. And, others may seek to settle. Ultimately, the Government's proposed litigation plan also bears a striking resemblance to the Government's previous motions to consolidate,[2] but without even a hint of a common issue of law or fact to justify it. This most recent request should be denied and should not stand in the way of allowing the instant case to move forward.

DEFENDANT'S POSITION

Although the Government does not object to the lifting of the stay in this matter, any schedule adopted by the Court should reflect the recent developments in the SNF cases set forth below. As the Court is aware, on August 7, 2008, the United States Court of Appeals for the Federal Circuit issued three decisions in spent nuclear fuel ("SNF") cases, Yankee Atomic Electric Co. v. United States, Nos. 07-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.); Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); and Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (Fed. Cir.). In these rulings, the Federal Circuit made several determinations likely to significantly affect the landscape of the SNF litigation, including findings regarding the appropriate SNF acceptance rate to apply for purposes of evaluating causation and damages in these cases. The 45-day deadline for the Government to file a petition for rehearing under Rules 40(a)(1) and 35(c) of the Federal Rules of Appellate Procedure has yet to expire. Additionally, Nebraska Public Power District v. United States, No. 07-5083 (Fed. Cir.), remains pending before the Federal Circuit. That appeal involves whether the Government may invoke the "Unavoidable Delays" clause of the Standard Contract as a defense against liability in the SNF cases.

[2] Each of the Government's prior attempts to consolidate the SNF cases has ended with this Court rejecting such an "extraordinary action." *See, e.g.* Order of the Chief Judge at 2 (Jan. 30, 2004).

On August 21, 2008, we filed in all the pending SNF cases, including this one, a Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases ("Coordination Motion").[3] This case is one of the stayed cases which were the focus of that motion, see 8/21/08 Coordination Motion 8, Attachment A, which, contrary to Plaintiff's suggestion, does not request consolidation of the SNF cases. Through our Coordination Motion, the Government respectfully seeks the assignment of a three-judge panel to consider and issue a case management order governing continuing discovery in all cases involving claims for partial breach of the Standard Contract. We further seek the establishment of a litigation plan for resolving the remaining SNF cases pending before this Court.

In sum, the Government is not opposed to lifting the stay in this case. However, we respectfully request that any lifting of the current stay be undertaken in conjunction with final guidance from the Federal Circuit in the cases cited above, and after the granting of the relief requested in our Coordination Motion.

Dated: September 3, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Power Authority of the State of New York

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

[3] Pursuant to RCFC 40.2, we captioned our Coordination Motion in the name of the earliest pending SNF case, Florida Power & Light Co. v. United States, No. 98-483 (Fed. Cl.).

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Scott Slater by s/ Daniel S. Herzfeld
SCOTT SLATER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0467
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585