# In the United States Court of Federal Claims

No. 00-703 C
(Filed: May 13, 2011)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**POWER AUTHORITY OF**
**THE STATE OF NEW YORK,**

              Plaintiff,

    v.

**THE UNITED STATES,**

              Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

       On February 25, 2011, Defendant filed a motion for partial summary judgment "on Plaintiff's Claim for Interest Against the Government." Plaintiff ("NYPA") filed its response on March 28, in which it characterized its claim not as one for "interest," but rather for "financing costs relating to the need to expand on-site spent fuel storage to mitigate the Government's continuing partial breach of the Standard Contract." Pl.'s Response at 1. It also characterizes it as a "cost of debt" claim. *Id*. at 3.

       In the interim, on April 7, the Federal Circuit released its opinion in *Energy Northwest v. United States*, No. 2010-5112, 2011 WL 1312306 (Fed. Cir. 2011). That opinion addresses the issue of interest, reversing this court's award of damages to Energy Northwest for "the cost of interest payments made in connection with Plaintiff's financing of its mitigation activities." *Id*. at \*1. On April 8, Defendant filed its reply, incorporating reference to the Federal Circuit's decision in *Energy Northwest*.

       In this court's decision in *Energy Northwest*, 91 Fed. Cl. 531 (2010), it noted the general "no interest" rule of 28 U.S.C. § 2516(a) and that the rule was a corollary of the basic principle of sovereign immunity. *Id*. at 555 (citing *Library of Congress v. Shaw*, 278 U.S. 310, 315-16 (1986)). This court further noted, citing *Shaw*, that "devising a new name" for what amounts to interest is not sufficient to evade the general prohibition. *Id*. at 536. The court, however, credited the plaintiff's argument that it sought interest damages "as" an independent claim of expense incurred in mitigation of the Government's partial breach of the Standard Contract, rather than interest "on" a claim. *Id*. Accordingly, it held that "interest claims on borrowings directly traceable to the Government's breach, incurred not simply as a result of a delay in payments due from the Government or to 'carry on' its end of the contract, are outside the reach of the no-interest rule, as embodied in 28 U.S.C. § 2516(a)." *Id*. at 559.

       The Federal Circuit has now explicitly held otherwise. "In the absence of a 'Changes' clause (or other waiver of statutory immunity), this court's caselaw makes clear that the

government has sovereign immunity against the award of interest." *Energy Northwest*, 2011 WL 1312306 at *11. The appellate court specifically disagreed with the proposition "that a plaintiff whose contract lacks any 'Changes' clause may nevertheless recover interest 'as' a claim if 'its financing costs were directly traceable to the Government's breach.'" *Id*. It further noted that it did not matter that interest charges were incurred "as part of mitigation rather than performance." *Id*. at *12.

In addition, the Federal Circuit opinion specifically distinguished the *Winstar* cases as "present[ing] a dramatically different picture than this appeal." *Id*. at *10 n.6. Of *Bluebonnet Savings Bank, F.S.B. v. United States*, 266 F.3d 1348 (Fed. Cir. 2001) ("*Bluebonnet III*"), in which the conveyance of certain profit shares was a "'financing cost' of a sort,'" the *Energy Northwest* panel said, "This court's reversal and remand as to those shares should not be interpreted as a departure from *Shaw*." *Energy Northwest*, 2011 WL 1312306 at *10 n.6.

This court finds, therefore, that the decision of the Federal Circuit in *Energy Northwest* categorically lays to rest the issue of whether Plaintiff here may recover "cost of debt" or "financing costs" damages for its mitigation activities. It may not. If Energy Northwest's "cost of capital," incurred on a loan directly traceable to the financing of its spent nuclear fuel ("SNF") dry-storage efforts, amounted to interest otherwise barred by § 2516(a), then NYPA's "financing costs" to accomplish similar mitigation must surely count as interest as well. In the absence of a Changes clause or other clear waiver of the no-interest rule, NYPA's costs in this respect are barred. As Defendant argues in its Reply brief, "The Federal Circuit in *Energy Northwest* specifically rejected all of the arguments that NYPA asserts in its response in support of its claim for imputed interest in the form of 'cost of debt.'" Def.'s Reply at 5.

There are no genuine issues of material fact and Defendant is entitled to summary judgment in its favor on Plaintiff's claim for recovery of a weighted-average "cost of debt" mark-up against the United States.

s/ Edward J. Damich<br>
EDWARD J. DAMICH<br>
Judge